CITY OF TRENTON, A MUNICIPAL CORPORATION OF NEW JERSEY, PETITIONER-APPELLANT, v. MERCER COUNTY BOARD OF TAXATION, RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 17, 1977—Decided December 2, 1977.

Before Judges FRITZ, BOTTER and ARD.

*Mr. George T. Dougherty,* City Attorney, attorney for appellant.

*Mr. William F. Hyland,* Attorney General, attorney for respondent (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Mr. Peter D. Pizzuto,* Deputy Attorney General, on the brief).

PER CURIAM. This is an appeal by the City of Trenton from a final judgment of the Division of Tax Appeals (Division) affirming the county board's promulgation of the 1976 Mercer County Equalization Table (Table) pursuant to *N. J. S. A.* 54:3–17 *et seq.* It was agreed below that the petition of appeal in the Division of Tax Appeals presented no material issue of fact and could be decided as a matter of law. Based on facts agreed upon by all involved, the Division granted summary judgment affirming the Table as prepared by the Mercer County Board of Taxation.

The sole issue on appeal is whether the exclusion of the receipts of the "Public Utility Gross Receipts Tax" (*N. J. S. A.* 54:30A–49 to *N. J. S. A.* 54:30A–67) from county tax apportionment under *N. J. S. A.* 54:3–17 *et seq.* and *N. J. S. A.* 54:4–49 is constitutional.

. The equalization table is prepared to provide a basis for the fair distribution of the county tax burden among the municipalities of a particular county. *Little Falls Tp. v. Passaic Cty. Bd. of Tax.,* 115 *N. J. Super.* 115, 120 (App. Div. 1971), overruled in part [*Tp. of Willingboro v. Burlington Cty. Bd. of Tax.*] 62 *N. J.* 203, 218 (1972); *Woodbridge v. Middlesex Cty. Bd. of Tax.,* 96 *N. J. Super.* 532, 536 (App. Div. 1967). *N. J. S. A.* 54:3–17 *et seq.* expressly provides for the constituent elements which are to be considered in the preparation of the county equalization table by the county board. *N. J. S. A.* 54:4–49(a) provides in part:

* * * [E]ach county board of taxation, * * * shall, * * * apportion the amount to be raised in the respective taxing districts for State, State school, county and free county library purposes and for purposes of consolidated school districts and school districts comprising 2 or more taxing districts, on the basis of the total valuation so ascertained for each taxing district. * * *

In attacking the mandatory statutory equalization formula, appellant argues that although the apportionment of public utility gross receipts taxes provides revenues to municipalities

which directly affect the amount of real property taxes to be raised in each municipality, neither the amount of public utility gross receipts taxes apportioned to any municipality nor the apportionment valuation of the scheduled property (*N. J. S. A.* 54:30A–58) of any public utility taxpayer is treated as part of the valuation of the municipality on which county taxes are apportioned.

We are satisfied the factual allegations of appellant are correct; however, we find no basis to conclude that the exclusion of gross receipts revenue from county tax apportionment is improper. Appellant's argument that the exclusion of municipal revenue realized under *N. J. S. A.* 54:30A–61 is unconstitutional by virtue of the equal protection provisions of the State and Federal Constitutions is without merit. The same is true of its argument that its exclusion is in violation of the provisions of the State constitution forbidding special legislation respecting taxation or the regulation of municipal affairs.

We conceive of no constitutional requirement that all municipal revenue sources be treated in precisely the same manner in county tax apportionment. Nor is it necessary that a particular tax revenue be included in the equalization process. The legislative scheme which excludes from tax assessment roles and from local property taxation the scheduled property of public utilities as well as the gross receipts tax revenues is presumptively constitutional, and one challenging this legislative discretion bears a heavy burden to establish the absence of relevant distinctions and legitimate legislative aims. *Thomas v. Kingsley,* 43 *N. J.* 524, 530 (1965) ; *Switz v. Kingsley,* 37 *N. J.* 566, 586 (1962). Appellant has failed to meet this burden.

The statutes under attack employ uniform rules for all municipalities with respect to their revenue sources. Appellant, apparently recognizing this, argues that the Legislature's choice of one method of apportionment over another is unconstitutional. In *In re Clifton v. Passaic Cty. Bd. of Tax.,* 114 *N. J. Super.* 253 (App. Div. 1971), aff'g 108 *N. J.*

*Super.* 284 (Law Div. 1970), aff'd o. b. 60 *N. J.* 185 (1972), the court considered an analogous challenge to the choice of an equalization method for the business personal property replacement revenue that municipalities receive pursuant to *N. J. S. A.* 54:11D–1 et seq. In that case the Appellate Division affirmed substantially for the reasons expressed by Judge Simpson in the trial court opinion given in *Ridgefield v. Kervick,* 108 *N. J. Super.* 284 (Law Div. 1970), aff'd o. b. 60 *N. J.* 185 (1972), which was consolidated with the *Clifton* matter on appeal. In *Ridgefield,* with respect to the contention advanced in this case that some form of capitalization and equalization is required in county tax apportionment for municipal revenue other than that derived from taxation of real property, the court reasoned:

    \* \* \* The capitalization of "in lieu" revenues, and the equalization thereof with real property assessed valuations, for purposes of allocating the burden of county taxes, is a familiar concept. *N. J. S. A.* 55:14J–30; *N. J. S. A.* 40:55C–65. While the concept is appealing as an apparent attempt to fairly allocate a tax burden on an "ability to pay" basis, the wisdom of the statute is for the Legislature and not the courts. *Thomas v. Kingsley, supra,* 43 *N. J.* at 530.

    Art. VIII, § I, par. 1(a) of the *New Jersey Constitution* provides:

    "(a) Property shall be assessed for taxation under general laws and by uniform rules. All real property assessed and taxed locally or by the State for allotment and payment to taxing districts shall be assessed according to the same standard of value, except as otherwise permitted herein, and such real property shall be taxed at the general tax rate of the taxing district in which the property is situated, for the use of such taxing district."

    Plaintiffs do not dispute the power of the Legislature to tax real and personal property differently, and even to categorize the latter into classes, for greater or lesser burdens of the cost of government. *Switz v. Kingsley,* 37 *N. J.* 566, 586 (1962). This being so, it is of no moment whether the capitalized assets represented by the replacement revenues are deemed to be personal property or some other undefined kind of property, since they certainly are not real property. The requirements of the second sentence of Art. VIII, § I, par. 1(a) of the *New Jersey Constitution* (1947) cited above, only pertains to real property assessments. Accordingly, all that is required in the context presented, to preclude invalidity under New Jersey's "general laws and uniform rules" constitutional provision,

or the due process and equal protection clauses of the Fourteenth Amendment to the *United States Constitution*, is that practical equality be achieved. *Switz v. Kingsley, supra*, at 589; *General Electric Co. v. Passaic*, 28 *N. J.* 499, 509 (1958). [*Ridgefield, supra*, 108 *N. J. Super.* at 290-291]

It thus becomes apparent that it is constitutionally permissible to provide for capitalization of some revenue sources and not of others. The saving principle, which applies in this case, is that the capitalization of any given revenue source must be performed for each municipality in an identical manner. As already indicated, the Legislature has wide discretion in deciding how the burden of government shall be allocated, and, as long as there are relevant differences or legitimate aims to be achieved, the legislative judgment is final. *Thomas v. Kingsley, supra.*

Appellant's constitutional challenge to the legislative scheme is undeveloped. It has failed to demonstrate any basis for its claim that exclusion of gross receipts revenue from county tax apportionment amounts to special legislation. There is no classification among municipalities, but rather among revenue sources. The statutory provisions do not accord different treatment to municipalities or public utility properties in similar circumstances, and it is thus not a special law within the meaning of the State constitution. Both the "tax clause" and the "special laws" provision allow the classification for revenue purposes, provided the statute in question rests upon a rational basis which accords the same application when dealing with the same facts or circumstances. See *General Public Loan Corp. v. Director, Div. of Tax.*, 13 *N. J.* 393 (1953) ; *Schwartz v. Essex Cty. Bd. of Tax.*, 129 *N. J. L.* 129 (Sup. Ct. 1942), aff'd 130 *N. J. L.* 177 (E. & A. 1943).

Moreover, we are satisfied that in the absence of an express statutory provision, revenue received from public utility gross receipts tax cannot be included in the county tax apportionment process. The determination to incorporate a particular revenue source in the county tax apportionment

is a legislative decision. Having done this in *N. J. S. A.* 54:3-17 *et seq.* and *N. J. S. A.* 54:4-49, we cannot fault its decision to omit the gross receipts revenue from county apportionment. More importantly perhaps, we cannot label this legislative decision as irrational. We are satisfied that the legislation questioned is constitutional.

Affirmed.